LOUISE E. CLOUGH *vs.* BENJAMIN F. CLOUGH.

Middlesex. January 13. — 14, 1875. AMES & ENDICOTT, JJ., absent.

The validity of a *donatio causa mortis* is not affected by the fact that the donee takes the gift for third persons upon a trust, the terms and limitations of which are prescribed by the donor and may vary according to subsequent events.

CONTRACT for money had and received. Trial in the Superior Court, before *Aldrich*, J., who allowed a bill of exceptions in substance as follows :

The plaintiff is the widow of Charles H. Clough and administratrix of his estate ; he left a minor son, his only heir, and also a father, mother and one sister and several brothers, of whom the

defendant is one.   The defendant admitted at the trial that he had received about $800 from his deceased brother, but as to all except $400, he pleaded payment and offered evidence in support of the plea.    As to the remaining $400, the defendant answered that he received that from his brother, the plaintiff's intestate, as a *donatio causa mortis;* and offered evidence in support of this part of his answer, that his deceased brother, during his last sickness and a few days before his death, gave and delivered to him the $400 in trust for his minor son, with instructions to invest and hold the same until the son should be twenty-one years of age, and then to pay the same with all its accumulations over to the son; but should the son die before reaching the age of twenty-one, he directed that the $400 with its accumulations should thereupon be paid over in equal parts to the mother and only sister of the intestate; that the defendant accepted the trust and took the money and retained it in his possession until after the death of the donor, and then deposited it in a savings bank, in his own name, as trustee for the minor son of his deceased brother, where the money has ever since remained.

. At the close of the evidence and arguments in the case, the plaintiff requested the judge to instruct the jury " that if they found that the deceased directed the defendant in case he died to keep the money and give it to the child if he lived to be twenty-one years of age, and, if he did not, to divide it between the mother and sister of the deceased, that would not be in law a gift to the child, mother or sister; and that such a disposition could only be made by will."   The judge declined to give the instruction as prayed for; but, after having instructed the jury upon other parts of the case in a manner not objected to, instructed them, that, to establish a *donatio causa mortis*, there must be shown a clear and manifest intention on the part of the owner of the property to make the gift, a subject capable of passing by delivery and an actual delivery at the time, in contemplation of impending death; that where there is such a gift and actual delivery, and the expected death of the donor ensues, the gift is complete, and vests the property in the donee presently, without its vesting in or passing through the executor or administrator.   In this connection the judge read and adopted as part of the instructions to the jury from the opinion of Walton, J., in the case of

*Hatch* v. *Atkinson*, 56 Maine, 324, 327. He then added that personal property may be so given and delivered to one in trust for another for a particular purpose that it will be good as a *donatio causa mortis;* and that in the present case, if the jury should find, upon the evidence, that the intestate, in contemplation of impending death, did give and deliver to the defendant the $400 in trust to be paid over as contended by the defendant, and that the defendant accepted the trust and at the time received the money and retained it in his possession until the death of his brother a few days after this transaction, and then deposited the money as he has testified, that would constitute a valid *donatio causa mortis*, and vest the property in the defendant as such trustee ; and that if they so found, it would be their duty to return a verdict for the defendant upon this part of the case. The jury found for the defendant, and to the instructions and refusal to instruct the plaintiff alleged exceptions.

*L. W. Howes*, for the plaintiff.

*C. Robinson, Jr.*, for the defendant.

GRAY, C. J. Upon the facts which must have been found by the jury under the instructions of the court, the legal title in the subject of the gift vested in the donee, subject to no condition or contingency but the death of the donor. The fact that the donee took it for third persons upon a trust, the terms and limitations of which were prescribed by the donor and might vary according to subsequent events, did not affect the validity of the gift as a *donatio mortis causa*. *Hills* v. *Hills*, 8 M. & W. 401. *Sessions* v. *Moseley*, 4 Cush. 87. *Borneman* v. *Sidlinger*, 15 Maine, 429, and 21 Maine, 185. *Dresser* v. *Dresser*, 46 Maine, 48. 1 Story Eq. Jur. (11th ed.) § 607 *e*. *Exceptions overruled.*