ADDISON LOUCKS and GEORGE K. DALEY, as Administrators, etc., of CHRISTINA LOUCKS, Deceased, Respondents, *v.* LEWIS L. JOHNSON, CHARITY A. SHEFFER and JOHN J. JOHNSON, Appellants, Interpleaded as Defendants by the ALBANY SAVINGS BANK.

70 565
41ap417

*Gift causa mortis — savings bank deposit — direction to the donee to divide with others.*

A gift *causa mortis* of money on deposit in a savings bank, effectuated by the actual delivery by the donor of his bank book to the donee and its acceptance by the latter, is not invalidated by the fact that it is accompanied with a direction to the donee to divide the balance of the money, after the payment of the donor's doctor's bill and funeral expenses, between himself and others named by the donor.

APPEAL by the defendants, Lewis L. Johnson, Charity A. Sheffer and John J. Johnson, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of Columbia county on the 27th day of December, 1892, upon a decision of the court after a trial before the court without a jury at the Columbia Circuit, except that portion of the judgment staying proceedings pending the appeal and providing for the continuance of the deposit of the fund in controversy pending the appeal.

*Seymour Van Santvoord,* for the appellants.

*B. C. Strait* and *H. W. McClellan,* for the respondents.

HERRICK, J.:

The plaintiffs, as administrators of Christina Loucks, commenced an action against the Albany Savings Bank to recover a sum of money on deposit in said bank to the credit of their intestate.

The defendants were substituted as defendants by an order of interpleader, and in their answer claimed ownership of the money in the savings bank by reason of a gift *causa mortis* thereof from said Christina Loucks ; judgment was rendered in favor of the plaintiffs, and from that judgment the defendants appeal to this court.

We are relieved from the solution of many questions arising out of alleged gifts *causa mortis* by reason of the findings of fact in this case by the trial court, and which findings seem to be sustained by the evidence.

The trial court found that, on or about the 17th day of July, 1861, Christina Loucks deposited a sum of money in the Albany Savings Bank, which, on the 1st day of July, 1891. with its accumulated interest, amounted to the sum of $988.38.

That on the 15th day of April, 1891, the said Christina Loucks, being ill and in expectation of death, personally delivered and handed over to the defendant, John J. Johnson, the bank book issued to her by the Albany Savings Bank, which bank book showed a then existing balance to her credit ; that at the time of delivering said bank book to the defendant Johnson, she said to him that, after the payment of her doctor's bill and funeral expenses, the balance of the money was to be equally divided between his sister and brother (who are the other defendants in this case) and himself. The defendant Johnson then and there accepted the gift, and has since retained possession of said bank book.

That Christina Loucks died on or about April 16, 1891, of the ailment or peril in view of which said gift was made by her, without having revoked said gift.

The court further found that in making such delivery of the bank book, it was the intention of Christina Loucks to create a valid gift *causa mortis* of the moneys on deposit in said bank, and that such gift was not made with the intention of defrauding any of her creditors.

To constitute a valid gift *causa mortis* the property must be actually delivered; the donor must surrender the possession and

dominion thereof to the donee. (*Ridden* v. *Thrall*, 125 N. Y. 572–579.)

The delivery of the savings bank book was such a surrender and parting with dominion, and vested the possession of, and title to, the money on deposit in the bank in the donee. (Ibid. 572.)

In *Young* v. *Young* (80 N. Y. 423), and *Curry* v. *Powers* (70 id. 212), the alleged gifts *causa mortis* were held invalid because the court found there was no parting with the possession of, or title to, the property by the donor.

In this case, as we have seen, there was an actual delivery to the donee, and an acceptance by him, of the bank book, so that within the case of *Ridden* v. *Thrall* the donor parted with the possession and title to the money on deposit in the savings bank, and the donee took such possession and title.

The plaintiffs, however, contend that the direction by the donor to divide the property, after the payment of funeral expenses, between himself, his brother and sister, renders the gift invalid; no authority, however, is cited to maintain that contention.

It has been held that a gift *causa mortis* may be made to one in trust for a third person (*Clough* v. *Clough*, 117 Mass. 83; *Sheedy* v. *Roach*, 124 id. 472), and also that a gift providing for a division of the property between specified persons after the payment of bills and expenses, is a valid gift, *causa mortis*. (*Pierce* v. *Boston, etc., Savings Bank*, 129 Mass. 425–440.)

Judgment should be reversed, and a new trial granted, with costs to abide the event.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment reversed, and a new trial granted, costs to abide the event.