DICKINSON v. HOES.

(Supreme Court, Trial Term, New York County. May, 1902.)

1. ADMINISTRATION—GIFTS CAUSA MORTIS—REFERENCE.
    In the case of an alleged gift causa mortis, the subject of the gift is an apparent asset in the administrator's hands, and, though there is no other property, a reference may be had under Code Civ. Proc. § 2718, authorizing a reference to determine disputed claims against a decedent's estate.

2. SAME—NECESSITY OF ADMINISTRATION—SOLE DISTRIBUTEE.
    A sole distributee of an estate against which no debts exist may appropriate it without administration.

3. GIFTS CAUSA MORTIS—DELIVERY.
    A gift causa mortis of money on deposit was perfected by delivery by the donor to the donee of a receipt for the money executed by the depositary.

4. SAME—SUBJECT-MATTER—RESIDUARY GIFT.
    A gift causa mortis of the residue of certain funds left after the donee should pay for the burial of the donor was valid.

5. SAME—POSSESSION BY DONOR.
    Where an administrator was entitled, as distributee, to certain funds of the estate which were deposited under an agreement that he might draw a certain amount each month by his check, countersigned by the surety on his bond as administrator, he could make a valid gift causa mortis of said fund.

Action by Jennie A. Dickinson against William M. Hoes, administrator of the estate of John Kealey, deceased. Judgment for plaintiff on report of referee.

Rose Kealey, a widow, died May 2, 1899, in this city, and was buried in Potter's Field by the city authorities. She left her surviving an only son, who had not been informed that his mother had $2,500 on deposit in two savings banks in this city. Some days after her burial the son, John Kealey, found the savings bank books in an old hat box upon the top shelf of a closet,

¶ 2. See Executors and Administrators, vol. 22, Cent. Dig. § 10.

and thereupon he took out letters of administration upon his mother's estate, the United States Fidelity & Guarantee Company becoming surety upon his bond. The savings bank books were given to the surety company, who gave him a receipt for them, and he and the company executed an agreement under seal as to the deposit and payment of the money. The money was taken out of the savings banks and deposited with the Colonial Trust Company, upon which John Kealey was allowed to draw $50 per month by his check countersigned by the surety company. He continued to occupy the rooms his mother and he had occupied in an old-style tenement house, of which Mrs. Jennie Agnes Dickinson was janitress. Mrs. Dickinson's children had been accustomed to go to the grocery store and do other errands for old Mrs. Kealey, and Mrs. Dickinson often helped her and her son in many ways. On the 9th day of April, 1900, John Kealey was found lying on the floor of his room moaning, and, Mrs. Dickinson having been called, he said to her that he was dying, and he asked her to bury him, and take his mother out of the Potter's Field and bury her alongside of him. Upon Mrs. Dickinson declaring she had no money to do that, he said he had plenty, and told one of her daughters to go to a bureau drawer, to which he pointed, and get some papers. He handed the papers to Mrs. Dickinson, saying: "These papers are yours. You bury me, and take my mother out of the Potter's Field and bury me alongside of her, and all that is left over and all the money is yours." A plumber who was working in the house came into the room, and suggested to Mr. Kealey that he ought to sign his name. Mr. Kealey asked for a pencil and the papers, took out the agreement he had signed, and under his name and opposite the seal he made his mark, saying, as he handed the papers back to Mrs. Dickinson, "This is all I can do to-day." At 7 o'clock that night, on his way to the hospital, John Kealey died. On the 19th day of April, 1900, the public administrator called upon Mrs. Dickinson and demanded the papers of John Kealey from her. She told him they were her property; the public administrator insisted, and took the papers from her, giving her his receipt. The Colonial Trust Company and the public administrator were then notified in writing that the moneys on deposit were her property, and she demanded the same, which being refused, she brought an action in the Supreme Court to recover the moneys. The cause came on for trial, and was decided against Mrs. Dickinson upon the ground that the moneys did not belong to John Kealey, so he could not dispose of them until administration upon his mother's estate had been completed, and he had been discharged, as the surety company was liable upon his bond until then. The public administrator was then appointed administrator of both Rose Kealey's and John Kealey's estate, and thereupon the money on deposit was paid over by the Colonial Trust Company to him. Mrs. Dickinson then served notice of claim, and demand of payment, and upon an offer to refer her claim under the statute the present referee was appointed.

George F. Langbein, for plaintiff.

Frank W. Arnold, for defendant public administrator.

PRYOR, Referee. Van Slooten v. Dodge, 145 N. Y. 327, 39 N. E. 950, not cited by counsel, occurs to the referee as possibly fatal to the validity of this proceeding. But in that case the gift was inter vivos, and, taking effect during the lifetime of the decedent, could not constitute a claim against him or his estate. But here is a gift mortis causa, which, not being effectual until the death of the donor, is an apparent asset in the hands of his administrator, and is so claimed by him. Williams v. Guile, 117 N. Y. 343, 348, 22 N. E. 1071, 6 L. R. A. 366; In re Crosby (Sur.) 20 N. Y. Supp. 62. I conclude that the order of reference is not a nullity, and that I may proceed to determine the matter in controversy. Code Civ. Proc. § 2718. John Kealey being sole distributee of his mother's estate, and no debts existing against it, he had a right to appropriate it without administration. Blood v. Kane, 130 N. Y. 514, 29 N. E. 994,

15 L. R. A. 490; In re Mullon's Estate, 145 N. Y. 104, 39 N. E. 821; Barlow v. Myers, 24 Hun, 286, 290; Blood v. Kane, 15 L. R. A. 493, note.

It appears by a preponderance of proof that John Kealey meant to make the gift; that he was capable of forming such intention; that he made the gift in apprehension of death; that he died of the malady with which he was then afflicted; that he perfected the gift by due delivery; and that the donee accepted the gift. That the gift was perfected by the delivery of the receipt and agreement is an adjudged proposition. Elam v. Keen, 4 Leigh, 333, 26 Am. Dec. 322. The efficacy of the gift is not impaired by the fact that it was only of the residue of the fund, after payment for the burials. Podmore v. Savings Institution, 48 App. Div. 218, 62 N. Y. Supp. 961; Loucks v. Johnson, 70 Hun, 565, 24 N. Y. Supp. 267. Nor is the gift invalidated because the concurrence of the surety company was indispensable to the possession of the fund. Gilkinson v. Third Ave. R. R., 47 App. Div. 472, 63 N. Y. Supp. 792; Page v. Lewis, 15 S. E. 389, 18 L. R. A. 170, 180, 37 Am. St. Rep. 848.

The conclusion is that the judgment must be for the plaintiff.