## Finn, Exr. (et al., Appellant) *v.* Finn.

Argued April 24, 1936.   Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Milford M. Tinsley,* for appellant.

*Thomas Boylan,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 26, 1936:

We are to determine in this case whether there is sufficient evidence to justify the finding of the jury that there was a completed gift inter vivos by Mary Finn Matheson to her son, George J. Finn. The finding is challenged by her surviving husband, Neil Matheson.

Mary Finn Matheson died December 5, 1933, leaving a will wherein she named her son, George J. Finn, sole beneficiary and executor. She was survived by a second

husband, Neil Matheson, who elected to take against the will. At the audit of the executor's account in the orphans' court, the husband demanded that the executor be surcharged with the sum of $3,554.34, which until July 27, 1933, had been on deposit at the Philadelphia Saving Fund Society by Mary Finn Matheson in the name of Mary Finn. George J. Finn claimed the bank deposit as a gift inter vivos from his mother and set up that it was not part of her estate. The orphans' court certified the issue raised to the court of common pleas for trial. As originally framed, the issue was between George J. Finn as executor and himself individually. Neil Matheson intervened as a party plaintiff.

At the first trial the jury decided there had been no gift. A new trial was granted, which resulted in a decision that there had been a valid gift. From this determination Neil Matheson appeals.

On July 13, 1933, Mary Finn Matheson, under the name of Mary Finn, executed a power of attorney to George J. Finn authorizing him to withdraw the deposit in question from the Saving Fund Society. He did so on July 27, 1933, and redeposited it with the Society in his own name. As already stated, he claims the money as a gift from his mother.

"To constitute a valid gift inter vivos, there are two essential elements: (1) an intention or purpose to give, accompanied by (2) a delivery, actual or constructive, of a nature sufficient not only to divest the donor of all dominion over the property, but also to invest the donee with complete control over the subject-matter of the gift": *Henderson v. Hughes*, 320 Pa. 124, 126, 182 Atl. 392, 393. In *Kaufmann's Est.*, 281 Pa. 519, 531, 127 Atl. 133, 137, we said: "The quantum of testimony required is not, however, so great, where as here, the relation of parent and child exists."

On the record before us we have the testimony of James J. Malone, the notary public who took the acknowledgment of Mary Finn Matheson to the power of

attorney, who says that she told him at that time that owing to the kindness shown her by her son it was her intention to turn the deposit over to him. Mary Finn, wife of the appellee, testified that at the time Mrs. Matheson executed the power of attorney she said "she wanted the money given to George." We think the evidence of these witnesses warranted the submission of the issue to the jury. Their finding badges the testimony as credible. We do not have in the case the question of delivery, admittedly the money was delivered to the son.

It is argued by appellant that the execution of the power of attorney presumptively created an agency, and, therefore, a confidential relationship between the parties, and that this shifted the burden to appellee to prove a completed gift. Even if this be so he met the burden to the jury's satisfaction and the solution of the problem under the proofs was for them. The confidential relationship principles are much relaxed in cases where the gift is from parent to child. "The fact that a child receives a gift from a parent does not of itself impose the burden of proof on the child to furnish testimony to assert its validity. . . . To establish a confidential relation it should appear that a confidence or trust was reposed in the child, occupying a position of supervision, authority and general direction over the parent's business affairs, and, unless such a relation is established, the burden of proof to establish the essentials of a valid gift as defined is not shifted to the child": *Null's Est.,* 302 Pa. 64, 69, 153 Atl. 137, 140. It may be worthy of note that Mary Finn Matheson in her will named her son sole beneficiary.

The appeal is from the order of the court of common pleas refusing a new trial. It would have been better practice for the case to have been certified by the common pleas back to the orphans' court, and the appeal to have been from its final decree. However, as the case has been fully presented to and considered by us, we will not require it to go back and be again brought up when

the testimony and the issues would be the same. We direct the court of common pleas to now certify the case with our opinion to the orphans' court, which shall enter a decree in accord herewith.

Order affirmed. Costs to be paid out of the fund.