Reynolds, Adr., Appellant, *v.* Maust et al.

Argued May 8, 1940.

Before CUNNINGHAM,
BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Alfred E. Jones, Jr.,* with him *Dean D. Sturgis,* for appellant.

*C. W. Martin,* with him *J. K. Spurgeon,* for appellees.

OPINION BY BALDRIGE, J., October 7, 1940:

This bill in equity was filed by the administrator of the estate of Margaret Reynolds, deceased, against the executrices of the last will and testament of Walker J. Reynolds, son of Margaret Reynolds, demanding a return of two $1,000 government bonds or an accounting of the proceeds and income received therefrom.

Our sole duty is to determine whether there is sufficient evidence to warrant a finding that the mother, who died September 23, 1936, intestate, made a valid gift inter vivos of these bonds to her son Walker, who died on October 24, 1936. The learned chancellor, whose findings were in substance approved by the court in banc, found on sufficient competent evidence that Margaret Reynolds received the bonds in question from the estate of her husband, who died, testate, December 3, 1928, and that she delivered them to her son, who thereupon gave her the following receipt:

"April 18, 1929
"RECEIVED OF Mrs. O. F. Reynolds $2000.00/xx in

Gov. Bonds to keep in safety Box in Sec Nat. Bank, to be paid back to my Mother, on demand.

W. J. Reynolds"

On July 1, 1929 she said to her son "what you have in your hands belongs to you" and that after she was gone he was to pay her funeral expenses. He then prepared the following writing, which she signed with her mark and delivered to him:

"7-1-29

Walker you sell the two bonds I gave you, pay my funeral expense after I am gone, and the balance remaining belongs to you.

Lida scolds at me often and has taken my bank book and papers.

her

X     Mrs. O. F. Reynolds

mk

Witnesses, W. J. Reynolds

Myra Reynolds"

The chancellor also found that the son did not occupy any position of supervision over his mother's affairs; that the gift made seven years prior to her death was her free and intelligent act, unaffected by undue influence or fraud of any kind; and that the donee successfully carried the burden of showing a valid gift inter vivos. The bill was accordingly dismissed. This appeal followed.

The appellant contends that the trust agreement of April 18 retained by the mother, was not superseded by the writing of July 1; that it was not to take effect until after her death, and, therefore, it was testamentary in character; that at most the alleged gift was subject to a condition which was never performed in the lifetime of her son. A will is the legal declaration of one's intentions which are to be performed after his or her death: *Stinson Estate,* 228 Pa. 475, 477, 77 A. 807; In re *Gibson's Estate,* 128 Pa. Superior Ct. 44, 48, 193 A.

302. If this writing was not to take effect until after the donor's death, the appellant's contention is sound. On the other hand, if the paper passed the absolute ownership of bonds immediately to the son, as the chancellor found, although possession had been previously transferred to him on April 18, it was not a will but a gift inter vivos.

"To make a valid gift inter vivos there must be a clear, satisfactory and unmistakable intention of the giver to part with and surrender dominion over the subject of the gift with an intention to invest the donee with the right of disposition beyond recall, accompanied by an irrevocable delivery, actual or constructive": *Allshouse's Estate,* 304 Pa. 481, 156 A. 69.

The writing of July 1, 1929, does not expressly direct, nor does it even indicate that Walker was to wait until the donor's death to dispose of the bonds. He could have done that forthwith. A gift by a parent to a child is not an unusual or unnatural transaction, and no presumption arises against its validity: *Ries v. Ries' Estate,* 322 Pa. 211, 185 A. 288; *Finn, Exr. v. Finn,* 322 Pa. 196, 185 A. 847. While the burden of proof to establish a gift is upon one claiming title to the property, less evidence in support thereof is necessary when the transaction is between a parent and child than is ordinarily required: In re *Adams Estate,* 139 Pa. Superior Ct. 512, 515, 12 A. 2d 465.

We are in accord with the view taken by the chancellor that the writing of July 1, 1929 was for the purpose of carrying out the intention of the mother to make a present unconditional gift to her son, thereby to divest herself of all dominion over the bonds and invest in him complete control over them. Not only the writing, but the oral testimony, which indicates that the mother felt Walker did not receive a fair share of his father's estate, supports the conclusion that it was the intent of the donor to make an absolute gift un-

conditional as to delivery and the vesting of title, imposing a trust or an obligation upon the part of the donee to pay the donor's funeral expenses. While the son, owing to his death shortly after that of his mother, did not pay the funeral expenses, they were paid by his executrices.

"A stipulation that the donee shall pay the donor's debts or funeral expenses out of the property given does not render the gift invalid": 28 C. J. 697, §117. It is stated in *Podmore v. South Brooklyn Savings Inst.*, 48 App. Div. 218, 62 N. Y. S. 961, 963, as follows: "It has been repeatedly held, both in England and in this country, that words of similar import to those here used, 'Take these books, and bury me out of them, and what is left is yours,' do not limit or place a condition upon the gift. They simply impose upon the donee a trust duty to pay the expenses of the donor's funeral. *Hills v. Hills*, 8 Mees & W. 401; *Bouts v. Ellis*, 17 Beav. 121; *Blount v. Burrow*, 4 Brown, Ch. 72; *Clough v. Clough*, 117 Mass. 83; *Pierce v. Bank*, 129 Mass. 425; *Curtis v. Bank*, 77 Me. 151."

Whether a gift of this character be inter vivos or mortis causa, as in some of the cases cited, it is not material to its validity in so far as the alleged conditional nature is concerned. Confronted with the chancellor's findings that the mother made to her son a valid absolute gift of the bonds, based upon sufficient competent evidence and approved by the court in banc, thus having all the force and effect of a jury's verdict, we are not warranted, even if we were so inclined, in disturbing them: *McCown v. Fraser*, 327 Pa. 561, 192 A. 674; In re *Kaufmann's Estate*, 137 Pa. Superior Ct. 88, 95, 8 A. 2d 472.

We find no merit in either of the two assignments of error.

The decree of the court below is affirmed at appellant's costs.