# CASES

IN

# THE SUPREME COURT

OF

## PENNSYLVANIA

---

## Packer et al., Exrs., Appellants, v. Clemson.

*Gift—Gift inter vivos—Delivery—Father and son—Certificate of stock—Retention of dividends—Evidence.*

1. Where the father of a minor deposits in the safe deposit box of the minor's grandfather, an envelope containing a certificate of stock endorsed in blank and witnessed, and the envelope is endorsed with a statement that it is the property of the son, naming him, and the father says to the grandfather at the time, this is for the boy, naming him, and the stock remains in the box inaccessible to the father until the latter's death, the gift is a valid gift to the son of the stock in question.

2. It is immaterial, in such case, that the stock had not been transferred on the books of the corporation which issued it, or that the father collected and retained the dividends thereon until his death.

Argued October 12, 1920. Appeal, No. 50, Oct. T., 1920, by plaintiffs, from judgment of C. P. Allegheny Co., Jan. T., 1920, No. 1406, for defendant on case-stated, in suit of Gibson D. Packer and Hallock C. Sherrard, executors of Ralph E. Clemson, deceased, v. Daniel M. Clemson, guardian of estate of Richard E. Clemson, a minor. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Case-stated to determine ownership of certificate of stock. Before CARPENTER, J.

2      PACKER et al., Appellants, *v.* CLEMSON.

The court entered judgment for defendant on the case-stated. Plaintiffs appealed.

*Error assigned* was judgment, quoting it.

*Edwin W. Smith,* of *Reed, Smith, Shaw & Beal,* foi appellants.—The burden rests on a donee to sustain a gift inter vivos against a deceased donor: Turner's Est., 244 Pa. 568.

The facts of this case do not show an "unmistakable intention" to make a gift at the time the certificates were deposited by decedent in his father's box: Leitch v. Bank, 234 Pa. 557; Smith's Est., 237 Pa. 115; Sullivan v. Hess, 241 Pa. 407; Jones v. Drake, 6 Phila. 416; Robert's App., 85 Pa. 84; Clapper v. Frederick, 199 Pa. 609; Flanagan v. Nash, 185 Pa. 41; Fross's App., 105 Pa. 258; Evans's Est., 6 Pa. C. C. R. 437.

*James R. Sterrett,* of *Sterrett & Acheson,* with him *Charles Alvin Jones,* for appellee.—There was a valid gift of the stock: Reese v. Trust Co., 218 Pa. 150; Hawn v. Stoler, 208 Pa. 610; Michener v. Dale, 23 Pa. 59; Leitch v. Bank, 234 Pa. 557; Funston v. Twining, 202 Pa. 88.

OPINION BY MR. JUSTICE KEPHART, December 31, 1920:

Ralph Clemson met his father Daniel in the vaults of a Pittsburgh bank where each owned a safe-deposit box. The son placed in his father's box an envelope endorsed by him "Property of Richard E. Clemson 1434 C. & A.," and said to his father, "This is for Richard," who was a minor son of Ralph. The envelope contained valuable mining stock (1434 shares of the Calumet & Arizona Mining Company) duly endorsed in blank by Ralph and witnessed. It remained in Daniel's box, with the stock therein, inaccessible to Ralph, until the latter's death. The stock certificates were not transferred on the books of the company; Ralph received and used the dividends

paid thereon until he was disabled, when his father Daniel received and made similar application of them. Ralph's representatives now claim the stock as an uncompleted gift. The grandfather, as Richard's guardian, resists this, and, from the judgment in an amicable action of replevin, terminating favorably to the grandson, this appeal was taken.

The sole question for us to determine is, Was there a valid gift during the father's life? To make a valid gift inter vivos there must be a clear, satisfactory and unmistakable intention of the giver to part with and surrender dominion over the subject of the gift with an intention to invest the donee with the right of disposition beyond recall, accompanied by an irrevocable delivery, actual or constructive: Reese v. Trust Co., 218 Pa. 150; Sullivan v. Hess, 241 Pa. 407. In determining whether there was a valid gift we must confine our inquiry to what transpired at the time the gift was supposed to have been made, in this case in the bank vaults; if the gift was completed, nothing that happened thereafter without the donee's consent will invalidate it; if the intention is not clearly manifest, subsequent acts may aid in clarifying that intention. Words, phrases and acts must receive their usual and accepted meaning without strained inferences or constructions. In applying these principles to the case, we find no difficulty in determining this to be a valid gift.

If A should meet B on the street and hand him a package with the remark "This is for your son C," and walk on, it is quite clear that A intended the package for C, and that B was the custodian for C for the purpose of delivery. B would not likely, and could not properly, hand it back to A later on without C's consent; particularly is this true if A had endorsed on the package that this was the property of C. What difference does it make as to C's ownership if B, for safe keeping, puts the package in his own safety-deposit box or in his safe in his house? Or how does the fact of A's placing the

package directly in B's deposit box, alter the intention to make it C's property any more than had it been placed by him in a buggy or automobile? The intention and delivery were complete. A could not force a redelivery and his representatives have no higher right. In whatever aspect we may regard B, whether as the agent of the donee or the custodian of the property for him, it does not destroy the vested character of the donee's gift. It is immaterial whether a gift is made to the donee personally or to another for him: Hawn v. Stotler, 208 Pa. 610; Michener v. Dale, 23 Pa. 59. It is not like a gift in possession of an agent of a decedent unexecuted at the time of the decedent's death.

The language used in this case was positive that at the particular time (of placing the envelope in the deposit box) Ralph intended his son to be the owner of the contents of that envelope, and he parted with the control of the stock. It became a completed delivery the moment his father placed the certificates in the grandfather's safety-deposit box to which the father had no access. The endorsement on the envelope not only positively identified the owner and the contents, but certified to the character of the ownership. The certificates endorsed in blank with the oral and written statements might just as well have been filled in with Richard's name. That they were certificates of stock untransferred on the books, is not controlling. They were but evidence of the interest owned, and the fact that they were not transferred on the books was responsible for the payment of dividends to the one whose name (the father) appeared on the books of the corporation; but the ownership of the stock itself, as between the parties, is not dependent on the transfer on the books of the corporation, and the payment and receipt of dividends therefrom after the gift was completed would not destroy its vested character: Reese v. Trust Co., supra. The gift may be sustained as an executed gift even if the right to dividends had been re-

tained for life.  If all the essential requisites of a valid gift were present, as in this case, such right to dividends would not defeat the gift or reinvest title parted with: Funston v. Twining, 202 Pa. 88; Leitch v. Diamond National Bank of Pittsburgh, 234 Pa. 557.  The intention and delivery were fully complied with in this case.

Judgment affirmed.