## Yeager's Estate.

*Gift—Parent and child—Evidence—Burden of proof—Shifting of burden—Conditional gift.*

1. The party who asserts the existence of a fact must establish it by proof of the character the law demands, though the burden may shift from time to time, as the necessity for producing evidence appears.

2. To establish a gift, inter vivos, two essential elements must be made to appear, an intention to make the donation then and there, and an actual or constructive delivery at the same time, of a nature sufficient to divest the giver of all dominion, and invest the recipient therewith.

3. Where the parties are strangers the presumption against voluntary transfers is greater than in transactions between those holding more intimate relations.

4. Though the mere possession of personal property, shown to have formerly belonged to another, is not in itself sufficient to raise a presumption that title was transferred, yet if it appears there was a voluntary delivery without explanatory words, and a retention of possession by the transferee, a child of the transferor, it can be assumed that there was an intention to give.

5. Where the evidence shows that a father took bonds and stock from a place of safe deposit, handed them to his daughter, saw them placed in her name in another book, and made no demand for their return until after her death, the proof is sufficient to establish a gift.

6. After such proof, the burden of showing that the transaction was conditional and not a gift shifted to the person so asserting it.

7. A declaration by the daughter that she desired her father to have the money, was consistent with a wish that he be provided for in the future, and was not sufficient, with other indefinite declarations alleged to have been made by her, to overcome the evidence of a gift.

Argued February 7, 1922. Appeal, No. 101, Jan. T., 1922, by Isaac Ingham, father of decedent, from decree of O. C. Delaware Co., dismissing exceptions to report of auditor, in estate of Lulu D. Yeager, deceased. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to auditor's report. Before HANNUM, P. J. The opinion of the Supreme Court states the facts.

Exceptions dismissed. Isaac Ingham, father of decedent, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*W. Roger Fronefield,* with him *Evan B. Lewis,* for appellant.—The declarations of the one to whom the property was delivered, that there was no gift, or words to that effect, are admissible: Allen v. McMaster, 3 Watts 181; Bachman v. Killinger, 55 Pa. 414; Musser v. Gardner, 66 Pa. 242; Stuart v. Stuart, 182 Pa. 543.

Proof must be offered to show an intention to give the property away, and that it was fully perfected with no intention of its return: Hafer v. McKelvey, 23 Pa. Superior Ct. 202; Vaughn v. Vaughn, 217 Pa. 496; Yeakel v. McAtee, 156 Pa. 600; Strang's Est., 68 Pa. Superior Ct. 224; Wendt's Est., 14 Pa. Superior Ct. 644; Dean v. Warnock, 98 Pa. 565; Patterson v. Wallace, 44 Pa. 88.

*H. J. Makiver,* for appellee.—There was a valid gift: Packer v. Clemson, 269 Pa. Superior Ct. 1; Reese v. Trust Co., 218 Pa. 150; Sullivan v. Hess, 241 Pa. 407;

Ashman's Est., 223 Pa. 543; Reese v. Trust Co., 218 Pa. 150; Vaughn v. Vaughn, 217 Pa. 496; Wendt's Est., 14 Pa. Superior Ct. 644.

OPINION BY MR. JUSTICE SADLER, March 20, 1922:

On April 14, 1919, Ingham, having in contemplation a surgical operation, withdrew from his bank a deposit of $1,242.93, as well as liberty bonds of the par value of $700, which had been placed there for safe-keeping. The money and securities were handed to his daughter, Mrs. Yeager, now deceased, and, under his direction and in his presence, placed in her name in two other institutions. She retained possession of the same until her death the following January, and the entire amount was accounted for by the administrator as part of the assets of her estate. At the audit, the father made claim for the sum so transferred, alleging the gift to the daughter was conditional upon his failure to recover from the illness. He was discharged from the hospital in August, and resided with Mrs. Yeager until her death, without apparently making any demand for the return of the fund.

The auditor heard testimony in support of the claim, and the facts developed, as to the original transaction, were as above recited. It appeared further that the decedent had stated to a witness (Mrs. Childs) that the father had given her the money to hold until he left the hospital, and her husband had promised to return it in the event of her death. A conversation of similar import was testified to by Mr. Childs. In neither case was the amount definitely fixed,—Mrs. Childs saying it was about $1,800,—nor were the bonds mentioned. With this evidence, the auditor was not deeply impressed, and, certainly, it was not clear or satisfactory. He refused allowance of the demand, and his finding was approved by the orphans' court; hence this appeal.

Complaint is here made of the ruling below, it being insisted there was no sufficient evidence of a gift of the money and bonds; and it is urged, further, that the bur-

den of proof to establish his claim was improperly held to be upon the appellant. Primarily, the donee must show an executed gift "not only because the original ownership [of the fund] is presumed to continue, but also because the defense is an affirmative one which necessarily carries with it this duty": McConville v. Ingham, 268 Pa. 507, 518. The party who asserts the existence of a fact must establish it by proof of the character the law demands, though the burden may shift from time to time, as the necessity for producing evidence appears: Suravitz v. Prudential Ins. Co., 261 Pa. 390, 401. To establish a gift inter vivos, as here alleged, two essential elements must be made to appear: an intention to make the donation then and there, and an actual or constructive delivery at the same time, of a nature sufficient to divest the giver of all dominion, and invest the recipient therewith: Reese v. Phila. Trust Co., 218 Pa. 150; Ashman's Est., 223 Pa. 543.

The quality and quantity of proof required to meet this obligation varies greatly, depending upon the circumstances of the particular case. Where the parties are strangers, the presumption against voluntary transfers is greater than in transactions between those holding more intimate relation. If the gift is from husband to wife (Crosetti's Est., 211 Pa. 490), or parent to child (Langdon v. Allen, 1 W. N. C. 395), the action of the donor is viewed as but natural, and less evidence is required to establish the intention. Though the mere possession of personal property, shown to have formerly belonged to another, is not in itself sufficient to raise a presumption that title was transferred, yet if it appears there was a voluntary delivery without explanatory words, and a retention of possession by the transferee, so related, it can be assumed that there was an intention to give: 20 Cyc. 1220. This distinction in the quantum of proofs required, where the parties are closely united by ties of blood or marriage, has been recognized likewise in the cases where resulting trusts have been claimed in real

estate, arising from the payment of the purchase money by another (Hiester v. Hiester, 228 Pa. 102; Earnest's App., 106 Pa. 310), and in the application of the rule that the fairness of the voluntary transfer must be made to appear affirmatively,—evidence as to this not being required in the case of parent and child: Vaughn v. Vaughn, 217 Pa. 496; Carney v. Carney, 196 Pa. 34; Strang's Est., 68 Pa. Superior Ct. 224.

Viewing the evidence here offered in the light of these established principles, sufficient appears to show an intention to give, followed by an actual delivery. The money and bonds were taken from a place of safe deposit, and handed by the father to the daughter. Further, he saw that she placed them in her own name in another bank. There the property remained, without demand for its return, for several months, and claim to ownership was not made until after death. If, as suggested by the witness called, Mrs. Yeager was anxious that the money and bonds be given back, it is clear she had ample opportunity to do so before her death; or, if the father thought he had any real claim, he could have asserted it.

Having established the existence of a gift, the burden then shifted to the claimant to show that it was conditional and upon the understanding that the property was to be returned when he left the hospital. "The burden in such case is upon the party setting up the fact relied on to overcome the natural and obvious meaning of the transaction": Reese v. Trust Co., supra. The one alleging the transfer was upon some trust or condition must affirmatively prove it: Crosetti's Est., supra; Robinson v. Powell, 210 Pa. 232. And it is this obligation to establish the claim by clear and satisfactory evidence, to which the auditor and court below evidently referred, when discussing the burden of proof. The testimony offered to show the trust, resting, as it did, upon the declarations supposed to have been made to Mr. and Mrs. Childs, was not of a character to justify a finding in

favor of the claimant. As already noted, Ingham failed to make such demand after his discharge from the hospital, nor did he suggest the existence of an agreement until after his daughter's death, though he was an occupant of the same house. It is hard to believe that the property was transferred solely for safe-keeping, as now insisted, in view of the fact that, at the time of the transfer, it was in the hands of a responsible banking institution. The expressed desire of Mrs. Yeager that her father have the money given to him, if true, is entirely consistent with the wish that he be provided for in the future, but there was no sufficient evidence to justify a finding by the auditor that the fund was held in trust. The orphans' court dismissed the exceptions to his report, and the assignments of error directed thereto are overruled.

The decree is affirmed at the costs of the appellant.