Grimpe, Appellant, v. Fedders.

Argued April 20, 1934.

Before Trexler, P. J., Keller, Baldrige, Stadtfeld, Parker and James, JJ.

*Clair D. Moss,* for appellant.

No book or appearance for appellee.

Opinion by Keller, J., July 13, 1934:

This was an action in replevin brought by a father to recover from his daughter a pair of diamond earrings and some other personal property which, he alleged, belonged to him and had been taken with him when he went to live with his daughter; and which she thereafter took possession of and refused to return to him when he quitted her residence. His title to the earrings was based on an alleged gift of them made by his wife,—who admittedly had owned them,—shortly before her death.

While no answer appears in the record the docket entries show that one was filed, and appellant's counsel states that in it the defendant set up title to the earrings and averred that her mother had given them to her in her lifetime. During the trial, however, she moved the court to permit her to amend her answer by averring instead that she had obtained title to the articles in suit by a gift from her father, the plaintiff in the action. The amendment was allowed and thereafter the issue in the case was: Had the plaintiff made a gift of the articles in suit to the defendant? On this issue, the defendant had the affirmative, and hence the burden was on her to prove it by the weight of the evidence: 1 Greenleaf on Evidence, sec. 74; Maxler v. Hawk, 233 Pa. 316, 322, 82 A. 251; McConville v. Ingham, 268 Pa. 507, 518, 112 A. 85; Yeager's Est., 273 Pa. 359, 362, 117 A. 67.

Had the case gone to the jury on the issue made by the statement and answer as originally filed, the burden of proof would have rested on the plaintiff of showing by the weight of the evidence that his wife had made a gift of the earrings to him. When, however, the defendant, by the amendment to her answer, shifted her ground and based her title to the articles in dispute on a gift from the plaintiff, she, in effect, admitted the prior title of the plaintiff to them—for in order to be able to transmit title to her, as claimed, her father must have owned the articles transferred—, but she claimed to overcome that title by a gift made by him to her. The burden of proving this gift was clearly on her, and the court should so have instructed the jury, instead of charging them that the burden of proof was upon the plaintiff of establishing his case by the fair weight or preponderance of the evidence (178-a).

The first assignment of error is sustained. The judgment is reversed and a new trial awarded.