## Henderson et al. *v.* Hughes, Appellant.

Argued December 6, 1935. Before FRAZER, C. J., KEP-HART, SCHAFFER, MAXEY, DREW and BARNES, JJ.

*H. Eugene Heine,* for appellant.

*J. Siegmund Levin,* for appellees.

OPINION BY MR. JUSTICE MAXEY, January 6, 1936:

During the years 1918 and 1920, Robert E. Henderson assigned several mortgages to plaintiffs, the latter being his children. He had the assignments recorded, but retained possession of them, together with the accompanying bonds and mortgages. The assignees were not informed of the transfers. During his lifetime the assignor continued to collect the interest on the mortgages and to receive the benefits resulting therefrom. He died on November 17, 1933. Since his death the papers have been in the possession of defendant, plaintiffs' sister, and executrix of the father's estate. Plaintiffs claim the mortgages as gifts inter vivos from their father, and the present bill in equity is brought to secure manual delivery of the bonds, mortgages and assignments; to compel defendant to account for interest collected by her subsequent to the testator's death; and to restrain defendant from collecting any further sums on account of interest or principal. From a decree in accordance with the prayer of plaintiffs' bill, defendant has appealed.

To constitute a valid gift inter vivos, there are two essential elements: (1) an intention or purpose to give, accompanied by (2) a delivery, actual or constructive, of a nature sufficient not only to divest the donor of all dominion over the property, but also to invest the donee with complete control over the subject-matter of the gift: Reese v. Phila. Trust, etc., Co., 218 Pa. 150, 67 A. 124; Yeager's Est., 273 Pa. 359, 117 A. 67; see Elliott's Est., 312 Pa. 493, 499, 167 A. 289. The donor's intent to give being undoubted, whether the second requirement is met by the facts is the core of the question here.

Delivery when objectively equivocal is often determined by intention. The latter is usually a matter of inference. The delivery required must be appropriate to the property. A delivery entirely not called for by the very nature of the property will not be exacted. We are here concerned with the transfer of bonds secured by mortgages. The property, being intangible, was incapable of physical delivery. A transfer of all of the assignor's legal rights in the choses in action, together with all similar rights in the security pledged therefor, was all that was required. Of course, the donor might have turned over the various documents representative of the debts and the security therefor. In view of the fact that the assignments had already been recorded, that was not an essential to the completion of the gift. Plaintiffs' contention is not based upon actual delivery, there being no doubt that the documents were not in fact delivered, but upon the theory that their father had effected such a complete transfer of all of his legal rights to the obligations and the property securing the debts, that his retention of the assignments after they had been recorded was immaterial. The fundamental principle of the law of gifts is that the property transferred be placed beyond the further control of the donor; there must be an absolute parting with all his dominion and ownership; and his right of control and disposition must pass beyond recall. The legal rights of ownership formerly

vested in the donor must pass to the donee. If these conditions are not fulfilled, there can be no effective gift. But if they are present, a valid transfer has been effected. These principles applied to the facts here present lead to the conclusion that the decedent did, in his lifetime, make a complete transfer of the mortgages to plaintiffs. Under the circumstances, the recording of the assignments by the donor, with the intent to pass title, was, in view of all the legal incidents that flowed therefrom, the equivalent of the delivery which the law requires. The execution, acknowledgment and recording in the public records, which was notice to all the world, was a sufficient delivery to satisfy the law's requirements.

It is insisted, however, that recording merely created a rebuttable presumption of delivery, which was negatived by the chancellor's finding that there had been no delivery, and that the inevitable consequence must be that no title passed. Defendant relies upon Boardman v. Dean, 34 Pa. 252; Piper v. Queeney, 282 Pa. 135, 127 A. 474; Leahey v. Leahey, 309 Pa. 347, 163 A. 677, and Leiser v. Hartel, 315 Pa. 537, 174 A. 106. In the Boardman case the instrument was recorded by some unknown agency and the court expressly distinguished Lessee of Mitchell v. Ryan, 3 Ohio State 377, upon the ground that in that case the grantor had himself directed the recording of the deed. The facts in the Piper case are so dissimilar as to merit no consideration. In the Leahey and Leiser cases the instruments were in each case recorded by the respective grantees after the deaths of the grantors. These cases are not apposite here. The presumption of delivery based on the action of the donor in having the instrument recorded may be rebutted by evidence that he did not intend the instrument to operate as a valid assignment. But the chancellor's finding that there was in fact no delivery of the instruments was not a finding that the donor did not intend the assignments to be legally operative. The fact of no physical delivery of

these instruments into the hands of the donees does not negative the fact of a legally operative delivery. By recording these instruments the donor ended his power of disposition over them. Had he merely delivered the assignments, his power and control over the obligations assigned would not have ceased until the instruments were recorded. Once the assignments were recorded, title and all its incidents passed to the donees. Their ignorance of the transfers did not affect the fact of transfers. The assignments were for their benefit, and in such a case the title passes, subject only to being divested at the election of the donees upon their acquisition of knowledge. Nor is the fact that the donor retained the benefits of the mortgages in his lifetime fatal to the gift: Funston v. Twining, 202 Pa. 88, 51 A. 736; Reese v. Phila. Trust, etc., Co., supra; Leitch v. Diamond Nat. Bank of Pbg., 234 Pa. 557, 83 A. 416; Packer v. Clemson, 269 Pa. 1, 112 A. 107. In view of our conclusion with respect to the validity of the assignments, it follows that defendant was properly ordered to account for the interest that she collected subsequent to her father's death.

Complaint is made of the failure of the chancellor to dispose of the new matter included in defendant's answer to plaintiffs' bill. The substance of her contention is that plaintiffs be restrained from converting the decedent's personal property, and that they be commanded to give her full and unopposed access to the testator's safe in the decedent's former home. Her evidence not only failed to establish her claim to equitable relief, but failed completely to show any necessity therefor.

The decree is affirmed at appellant's cost.