*1159 OPINION.
Artjndell :
(1) The respondent contends that during the taxable years there was no bona fide partnership existing between the peti *1160 tioner and his wife and that there was no effective gift by petitioner to his wife of an interest in the business at Ephrata.
We have held that a married woman in Pennsylvania may enter into a partnership with her husband. John T. Newell, 17 B. T. A. 93; Thomas F. Kelley, 9 B. T. A. 834. The fact that the business is conducted in the name of the husband does not defeat the partnership. J. Kammerdiner, 25 B. T. A. 495, and Leonard M. Gunderson, 23 B. T. A. 45, and partners may agree to lodge in one partner the sole management of the business. Richard H. Oakley, 24 B. T. A. 1082. We have also held that a husband may constitute his wife his partner by giving her an interest in the business. Jasper Sipes, 31 B. T. A. 709, and Richard H. Oakley, supra. An agreement or transaction is not rendered ineffectual merely because entered into or motivated by a purpose to avoid taxes. Commissioner v. Gregory, 69 Fed. (2d) 809; affd., Gregory v. Commissioner, 293 U. S. 465. The question to be determined, therefore, is whether the petitioner actually made a gift to his wife of an interest in the business in the amount of $100,-000. If he did make a gift to his wife, she made a contribution to the business and hence had an interest in the partnership. Section 16601, Pa. St. 1920, provides that “A partnership is an association of two or more persons to carry on as co-owners a business for profit.”
In Packer v. Clemson, 269 Pa. 1, 3; 112 Atl. 107, a gift is defined as follows:
To make a valid gift inter vivos there must be a clear, satisfactory, and unmistakable intention of the giver to part with and surrender dominion over the subject of the gift with an intention to invest the donee with the right of disposition beyond recall, accompanied by an irrevocable delivery.
The evidence here convinces us that the petitioner made a gift to his wife of an interest in the business to the extent of $100,000. Not only was the gift evidenced by the book entry, but also by the statement in the first partnership agreement that the wife had contributed to the partnership the sum of $100,000. Thereafter the wife asserted her ownership of such interest by placing it in trust. Under the laws of Pennsylvania assignment by a partner of his interest does not of itself dissolve the partnership. Sec. 16622, Pa. St. 1920.[1] Pier interest in the partnership ivas again recognized in the second partnership agreement, wherein she again asserted ownership thereof by *1161 assigning a part of such, interest to her daughters. The profits to which she was entitled as a partner were received by her. The petitioner did not reacquire any part of such interest or any of the profits therefrom. The assistant trust officer, whom the petitioner’s wife consulted about the drafting of a will, testified in substance that the trust agreement was determined upon at his suggestion as a means to prevent, in the event of her death, the tying up of her estate in the courts and to avoid probate expenses; that the revocation provision was inserted in the agreement merely to permit a change in the agreement if necessary; and that, upon being informed by him that she could place the power of revocation in herself, her husband, or anyone else, she stated that she desired her husband to exercise the power rather than herself because she was in very poor health and felt that her husband would outlive her and she preferred to have him look after the children’s interest. Although the petitioner revoked the trust, he did not reacquire her interest but at the time her ownership of such interest was acknowledged in the second partnership agreement. Upon all the evidence we are of the opinion that the petitioner made an irrevocable gift to his wife of ■ an interest in his business at Ephrata to the extent of $100,000 and that the partnership existed between them. We, therefore, conclude that the wife’s share in the profits of the partnership did not constitute income to the petitioner during the taxable years and that the respondent erred in including such profits in the taxable income of the petitioner.
Jackson v. Commissioner, 64 Fed. (2d) 359, wherein the court held that no irrevocable gift had been made, is distinguishable on the facts. Therein the husband gave his wife certain securities which he owned, with the understanding that she would simultaneously create a trust for the benefit of their children. The trust agreement therein provided, among other things, that in the event of the death of the wife, whether children survived or not, the entire trust estate' should be jaaid over to the taxpayer and that he could revoke the trust upon written notice of his intention to revoke given to his wife. There was no such understanding here; the creation of the trust was the voluntary act of the wife.
(2) The petitioner contends that he sustained an ordinary loss to the extent of the cost of the 1,400 .shares of Pennsylvania Trust Co. stock in 1933, due to the stock becoming worthless in that year.
The petitioner testified that he was informed by various directors of the bank shortly after the bank closed in March 1933 that the stock was then worthless. That the petitioner was correctly informed is borne out by the data set> forth in the reorganization plans submitted to the stockholders. It appears therefrom that the total assets of the bank had a value in 1933 of about $1,460,000; and that it agreed to transfer about $3,102,000 of such assets to the new bank, leaving *1162 about $4,357,000 of sucb assets to the old bank to be liquidated. Out of such assets the old bank was required to pay the expense of liquidation, a loan of $700,000 made to it by the Reconstruction Finance .Corporation as an aid to effecting the reorganization, and about 58 percent of its deposits, aggregating about $4,297,000. In addition there were some trustees’ mortgage participation certificates outstanding and other liabilities referred to in amounts not shown, all of which were payable prior to any distribution to stockholders. Unless the assets could be liquidated in amounts substantially in excess of their then value, the deposits and loan alone far exceeded the value of the assets, leaving nothing for other creditors and stockholders. A “loss may become complete enough for deduction with'out the taxpayer’s establishing that there is no possibility of- an eventual recoupment.” United States v. White Dental Manufacturing Co., 274 U. S. 396. While the sale of the stock at auction at the end of 1933 was a bona fide sale in the sense that it was an actual and not an accommodation sale, it was a futile and expensive gesture, unnecessary to establish the loss, since the stock was worthless prior thereto. Peter Doelger Brewing Co., 22 B. T. A. 1176. “In such cases a sale is necessarily fictitious; it establishes nothing * * DeLoss v. Commissioner, 28 Fed. (2d) 803; certiorari denied, 279 U. S. 840. See Claude D. Cass, 32 B. T. A. 713; affd., 83 Fed. (2d) 841; Alfred K. Nippert et al., Executors, 32 B. T. A. 892; William E. Steinback, 30 B. T. A. 1252; Harry C. Kayser, 27 B. T. A. 816; Jessie S. Meachem, 22 B. T. A. 1091; Gilbert H. Pearsall, 10 B. T. A. 467.
The petitioner is entitled to a deduction in 1933 of the amount of $43,356.40 as an ordinary loss.

Decision will be entered wnder Rule 50.

 Section 16622. Assignment of Partner’s Interest. — (1) A conveyance by a partner of his interest in the partnership does not of itself dissolve the partnership, nor, as against the other partners in the absence of agreement, entitle the assignee, during the continuance of the partnership, to interfere in the management or administration of the partnership business or affairs, or to require any information or account of partnership transactions, or to inspect the partnership books; but it merely entitles the assignee to receive, in accordance with his contract, the profits to which the assigning partner would otherwise be entitled.
(2) In case of a dissolution of the partnership, the assignee is entitled to receive his assignor’s interest and may require an account from the date only of the last account agreed to by all the partners.