## Mearkle's Estate.

Argued October 5, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Bryan A. Hermes,* with him *Nathan Griffith,* for appellant.

*Richard S. MacFarland,* with him *Leo MacFarland,* for appellee.

OPINION BY RHODES, J., November 10, 1937:

During the year 1932, Elizabeth Ayres Mearkle made her last will and testament, and subsequently executed a codicil thereto dated February 19, 1934. She died February 23, 1934, and her will and codicil were thereafter probated.

Some time during the year 1933 she delivered an envelope to a neighbor, Gail B. Hamilton, now Sinnott, endorsed as follows: "Property of Elizabeth A. Mearkle, 5533 Angora Terrace. In case of death of Elizabeth A. Mearkle this envelope is to be given to my daughter Mabel D. Palmer. Should Mabel D. Palmer be deceased at the time of my death, this is to be given to my grandson Frank H. McCallum. Elizabeth A. Mearkle."

It is admitted that the signature was that of the decedent. The envelope contained two notes payable to decedent and signed by David L. Palmer and Mabel D. Palmer. The notes represented money borrowed from decedent, and the interest had been paid up to three weeks before her death.

A few days after decedent died, Mrs. Sinnott delivered the envelope and the contents to Mabel D. Palmer. Mrs. Palmer and Rena A. Weihenmayer were

named executrices of decedent's last will and testament, and to them letters testamentary were granted. They were daughters of decedent. At the audit of their account the auditing judge found that Mrs. Palmer was indebted to the estate of the decedent in the amount of the notes and the unpaid interest thereon, which he added to the balance shown for distribution, and charged the distributive share of Mrs. Palmer therewith.

The facts in this case are not disputed. No testimony was taken. It was stipulated on the record at the time of the audit that the delivery of the envelope and its contents was some time in the year 1933, and that, if the endorsement was a testamentary disposition, it was revoked by the codicil of February 19, 1934.

The auditing judge found that there was no valid gift inter 'vivos by decedent to her daughter, Mrs. Palmer, and concluded that the writing on the envelope delivered to Mrs. Sinnott by the decedent was testamentary in character and revoked by the probated will and codicil.

The findings and conclusions of the auditing judge were affirmed by the court in banc, exceptions to the adjudication were dismissed, and the adjudication confirmed absolutely. Mabel D. Palmer has appealed.

Appellant has stated the question here involved: "Was there a valid gift inter vivos by decedent to her daughter, Mabel D. Palmer?"

In *Henderson et al. v. Hughes*, 320 Pa. 124, at page 126, 182 A. 392, at page 393, the Supreme Court, in an opinion by Mr. Justice MAXEY, states: "To constitute a valid gift inter vivos, there are two essential elements: (1) An intention or purpose to give, accompanied by (2) a delivery, actual or constructive, of a nature sufficient not only to divest the donor of all dominion over the property, but also to invest the donee with complete control over the subject-matter of the gift: *Reese*

*v. Phila. Trust, etc., Co.,* 218 Pa. 150, 67 A. 124; *Yeager's Est.,* 273 Pa. 359, 117 A. 67; see *Elliott's Est.,* 312 Pa. 493, 499, 167 A. 289 ......"; and that "the fundamental principle of the law of gifts is that the property transferred be placed beyond the further control of the donor; there must be an absolute parting with all his dominion and ownership; and his right of control and disposition must pass beyond recall. The legal rights of ownership formerly vested in the donor must pass to the donee. If these conditions are not fulfilled, there can be no effective gift." Other cases in which these principles have been affirmed are: *Packer et al. v. Clemson,* 269 Pa. 1, 112 A. 107; *Kaufmann's Estate,* 281 Pa. 519, 127 A. 133; *Connell's Estate,* 282 Pa. 555, 128 A. 503; *Leadenham's Estate,* 289 Pa. 216, 137 A. 247; *Allshouse's Estate,* 304 Pa. 481, 487, 156 A. 69; *Sullivan v. Hess,* 241 Pa. 407, 88 A. 544; *Turner's Estate,* 244 Pa. 568, 90 A. 916.

The burden of proving the gift inter vivos was on appellant who claims the benefit of the alleged gift; her proof must appear clear and satisfactory and show both of the necessary elements. *Sullivan v. Hess,* supra; *Kaufmann's Estate,* supra.

There is no affirmative evidence of decedent's intention to make a gift inter vivos to appellant. For evidence of the required intention, appellant relies entirely upon the endorsement made by the decedent on the envelope containing the notes, and the delivery to Mrs. Sinnott. This, in our opinion, is not sufficient to establish an intention to make an executed gift of the notes to appellant, and we are not unmindful that less evidence is required to establish such intention where the alleged gift is from parent to child than where the transaction is between strangers. *Yeager's Estate,* 273 Pa. 359, 362, 117 A. 67. Decedent may have intended a gift to appellant, but on this point there is a complete absence of proof. Appellant is one of the executrices

named in decedent's last will and testament, and the notes were delivered to her by Mrs. Sinnott after decedent's death. The notes in question were the obligations of her and her husband; they were payable to decedent. The endorsement on the sealed envelope containing the notes, made by decedent, stated: "Property of Elizabeth A. Mearkle." These words plainly negatived any intention to make a gift inter vivos; and the entire endorsement does not justify an inference that decedent had intended to give up control or dominion over the notes during her lifetime, and invest appellant with the right of absolute disposition. We can arrive at no other conclusion than that decedent intended to and did retain ownership and control of the notes. Had she intended otherwise, the endorsement could have so expressed it. Cf. *Packer et al. v. Clemson,* supra, 269 Pa. 1, 112 A. 107. In the absence of any other circumstance it cannot be said that there is "a clear, satisfactory and unmistakable intention of the giver to part with and surrender dominion over the subject of the gift with an intention to divest the donee with the right of disposition beyond recall, accompanied by an irrevocable delivery, actual or constructive: *Reese v. Trust Co.,* 218 Pa. 150; *Sullivan v. Hess,* 241 Pa. 407": *Packer v. Clemson,* supra, 269 Pa. 1, at page 3, 112 A. 107.

Referring to the endorsement, it will be noted that it also provided that, if appellant died before decedent, the envelope was to be delivered to decedent's grandson, Frank H. McCallum. In that event, the notes would still be subsisting obligations against the estate of appellant. No cancellation of appellant's indebtedness is anywhere indicated, or that the debts of appellant as represented by the notes were to be forgiven.

Moreover, the delivery of the envelope containing the notes by decedent to her neighbor, Mrs. Sinnott,

was not irrevocable. There was to be no delivery to appellant during decedent's lifetime; and there was none. The envelope was plainly marked as decedent's property; and the delivery to Mrs. Sinnott was revocable at will. It follows that there was no absolute parting with dominion and ownership at the time of delivery to Mrs. Sinnott; ownership and control remained in decedent until her death.

"Without a complete delivery during the lifetime of the donor there can be no valid gift inter vivos. . . . . . . 'The test of delivery is the change of property, the immediate right to entire dominion over the subject of the gift, a perfect title, which is as good against the donor as any one else': Thornton on Gifts, etc., p. 110": *Clapper v. Frederick et al.,* 199 Pa. 609, at page 613, 49 A. 218, at page 219.

The requirement that a gift inter vivos, to be effective, must also be completed by actual or constructive delivery beyond the power of revocation was not established. See *Turner's Estate,* supra. The opposite is plainly true.

We think the court below correctly held that there was insufficient evidence to establish a gift inter vivos and that the endorsement on the envelope containing the notes in question was a testamentary disposition, nullified by the subsequent execution of the codicil on February 19, 1934.

Appellant relies on *Wagoner's Estate,* 174 Pa. 558, 34 A. 114, to establish her contention. That case is readily distinguishable from the case at bar, and is not controlling.

In that case decedent executed in favor of his niece a bond in the sum of $2,000, and delivered it to a third party who was to deliver it to the donee after the death of the decedent. Under the facts of that case it was held that the gift was to the third party as trustee, and that delivery to the trustee for the purpose of the trust

was absolute. The decedent, after the delivery to the trustee, informed his niece of the gift, and that at his death she was to go to the trustee and get the bond.

The instant case is devoid of any corresponding intention to make a gift inter vivos, and there was no absolute or irrevocable delivery.

Decree of the court below is affirmed.