## Murphy's Estate No. 2

*Clelland L. Mitchell,* for exceptant.

*H. M. McCaughey,* contra.

*Maurice A. Hogeland,* for trustee, contra.

*Henry R. Robins,* guardian ad litem and trustee ad litem, contra.

VAN DUSEN, P. J., July 6, 1945.—Testatrix executed an instrument under seal which stated that she "has given and does by these presents give, grant and convey to" claimant United States Treasury Bonds of a certain issue and certain numbers totalling $11,000. The writing further provided: "Should the aforesaid bonds be called for redemption before my demise, then eleven (11) other $1,000.00 bonds shall be substituted in lieu thereof." The same bonds were found after her death in her safe deposit box in a separate envelope, but not marked in any way. The written instrument is produced by claimant, and seems to have been delivered to him by testatrix. The auditing judge rejected the claim for these bonds on the ground that there was no evidence that the bonds were delivered to claimant, and that such delivery is essential except where manual delivery is not practicable.

All authorities unite in requiring delivery. The law is summed up in 38 C. J. S. §18, p. 794, as follows:

"A delivery is essential to the validity of a gift; there must be an actual, constructive, or symbolical delivery of the property to the donee, or to some one for him, in execution of the gift, and for the express purpose of consummating it. This rule is particularly applicable to parol gifts, and it applies to gifts of realty as well as of personalty. This requirement is founded both on grounds of public policy and convenience, to prevent mistake, imposition, and perjury, and on the fact that, until delivery, the gift is inchoate and revocable, and the title does not pass."

The same text book further says (§22, p. 801):

"A constructive or symbolic delivery of the property is sufficient to support a gift where the circumstances require that delivery be made in such form. This is the rule where the article intended to be given is not present, or, if present, is incapable of manual delivery, as where it is too bulky, or where it is property of an intangible nature. Thus, in some cases, an unequivocal declaration of gift, accompanied by a delivery of the only means by which possession of the article given can be obtained, is sufficient."

And again (§22(b), p. 802):

"The general rule is that a gift of property evidenced by a written instrument executed by the donor is consummated by a delivery of the instrument without a manual delivery of the property, especially where it is not in the power of the donor to make a manual delivery. Thus a gift of chattels or choses in action by deed is made complete and valid by a delivery of a deed or bill of sale alone, without an actual delivery of the chattels or evidence of the choses in action."

An extensive annotation in 63 A. L. R. 528, and an article in 21 Ill. L. Rev. 289, deal with this subject. Few of the cases referred to by the text writers deal with a gift by deed without delivery of property

which was readily deliverable. In most of them delivery was not practicable. But the statement that such a gift may be made appears early in the books, and it is repeated from one writer to another, and in many opinions. It is on this proposition that exceptant must rely.

No Pennsylvania case to which we have been referred deals with a simple gift by deed without any excuse for nondelivery. The usual statement by our courts is that which was adopted by the auditing judge. It is thus put in Mardis, Admx., v. Steen, 293 Pa. 13, 15, which dealt with the gift of a bank account:

"Where manual delivery is not practicable, a transfer may be made by assignment or by other writing or token which will indicate a present intention to pass right of possession to the donee."

In our opinion a gift of personal property may be made by deed, without delivery of the property, but in all cases it must be considered whether the attending circumstances sufficiently explain the failure to make delivery.

The natural instinctive way to make a gift is to deliver the subject matter when it can be done. Failure to make delivery in such a case denies the intent to make a completed gift. The donor is attempting to do something and yet not to do it. His gift has a string to it. This is not the case when delivery is impracticable.

The subject matter of the gift in this case is bearer bonds. The donor lived over a year after executing the deed of gift. She kept the bonds in her safe deposit box, although she might readily have obtained them and delivered them to the donee. She provided for the substitution of other bonds in case the specified bonds should be paid off, showing that she intended to keep possession of the bonds until her death. She did not intend to complete her gift in her lifetime.

A gift may be made without delivery of the property, but the failure to make delivery should be explained.

No explanation is made in this case, and the retention of the property denies the apparent effect of the deed.

Before dismissing the subject, notice should be taken of such a case as Henderson et al. v. Hughes, 320 Pa. 124. The donor executed *and recorded* an assignment of mortgage, but he did not inform the donee or deliver the mortgage papers, and he continued to collect the mortgage interest in his lifetime. The recording of the assignment was an unequivocal, irrevocable act which effected the gift, and the retention of the papers was explained by the desire to retain the interest during his lifetime. This is not inconsistent with a present gift of principal, as the cases cited in the opinion show. No doubt there are other cases along the same lines.

The exceptions are dismissed and the adjudication is confirmed absolutely.