Perchomenko, Appellant, *v.* Klimashevsky.

Argued January 11, 1967. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Joseph Matusow,* with him *Irving Marks,* for appel-
lant.

*Arthur Levy,* with him *Stanley R. Kotzen, Ivan Mi-
chaelson Czap,* and *McClenachan, Blumberg & Levy,* for
appellee.

OPINION BY MR. JUSTICE O'BRIEN, July 27, 1967:

Appellant, Alexandra Perchomenko, filed a com-
plaint in equity against appellee, Gregory Klimashev-
sky, also known as Gregory Klemm, seeking $7,000 plus
interest, or the execution of a judgment note by appel-
lee for said sum, or in the alternative, praying that
the real estate at 615 Penfield Avenue, Havertown,
Haverford Township, Delaware County, Pennsylvania,
be impressed with a resulting trust in appellant's favor.

The case was heard by the chancellor on July 7 and July 13 of 1965, and his adjudication and decree nisi dated December 23, 1965, dismissed appellant's complaint. Appellant's exceptions were dismissed and the decree nisi made final; this appeal followed.

The chancellor found that the appellant is the paternal grandmother of the appellee; that appellant, now remarried, (appellant's first husband died) for some years prior to July 12, 1962, had maintained a bank account in the Provident Trust Company of Philadelphia, in her name and the name of her son, Philip Klimashevsky, appellee's father; that the proceeds of this account were derived from real estate owned by appellant and taken by the Commonwealth in condemnation proceedings. On July 12, 1962, appellant closed her account at Provident Trust Company and transferred her funds to the Camden Trust Company, in an account titled in her name only, as her son, Philip Klimashevsky, had failed in business and had judgments against him. On February 7, 1963, appellant added the name of her granddaughter, Diana (Philip Klimashevsky's daughter), to her account.

The court found that appellant was concerned because of the depressed area in which her son, Philip, and his family were living, and indicated that their general welfare would be improved by the purchase of another home in a better neighborhood, and indicated a willingness to give $7,000 for this purpose. However, because of the judgments against her son, appellant suggested that the property be titled in the name of appellee, her grandson. The chancellor found that $7,-000 was taken from her account and transferred to the appellee and expended in the following manner: "The $7,000.00 transferred by plaintiff to defendant was expended as follows: $1,700.00 was applied on February 14, 1964, as an additional deposit for the purchase of premises, 615 Penfield Avenue, Havertown,

Delaware County, Pennsylvania; $3,488.66 was applied to the purchase of 615 Penfield Avenue, including settlement charges, on April 7, 1964; $348.62 was paid to Philip Klimashevsky on March 10, 1964; $250.00 was paid to Philip Klimashevsky on April 3, 1964; and $1,-112.72 was expended for the purchase and acquisition of furnishings or wallpaper upon premises 615 Penfield Avenue. (A balance of $100.00 is not accounted for by the evidence.) The money paid to Philip Klimashevsky was for the discharge of his personal debts."

Settlement was conducted for the purchase of 615 Penfield Avenue in April of 1964, at which time the property was titled in the name of appellee.

The chancellor found that prior to Thanksgiving Day, 1964, appellant never contended that the $7,000 transferred to appellee and used for the purchase of 615 Penfield Avenue was a loan. However, he found that on Thanksgiving Day, 1964, when appellant and her husband were at 615 Penfield Avenue for dinner, an argument developed between appellee's father and mother, concerning the father's excessive drinking; that appellant participated in the argument, and that as a consequence of the argument, appellant and her husband left the house. Shortly thereafter, appellant's son, Philip Klimashevsky, separated from his wife and moved from the premises at 615 Penfield Avenue to appellant's residence.

The chancellor further found that subsequent to Thanksgiving Day, 1964, appellee received a letter from appellant, demanding either repayment of her money or a judgment note. The chancellor found that appellant previously had paid part of appellee's college tuition and had purchased an automobile for him and had never asked to be repaid. In his findings of fact Nos. 28 and 29, the chancellor further found: "28. Plaintiff informed her granddaughter, Diana Klimashevsky, that $7,000.00 was being deposited in a bank account in the

joint names of plaintiff and Diana. When the money was deposited in the account, plaintiff stated to Diana that the money was for the benefit of Diana and the defendant. Plaintiff further stated that the money was for 'the purpose of the house'. 29. Immediately prior to the purchase of 615 Penfield Avenue, plaintiff inquired of Diana Klimashevsky whether she would object if the money was given to defendant to purchase a house or whether she, Diana, would prefer to have the money upon her marriage."

Based on these findings of fact, the chancellor found this to be a family situation; that the purchase of the new home was for the benefit of the family; and that the transaction was intended by appellant to be a gift for the benefit of the family; that is, appellee's father, mother, sister, and the appellee himself. We said in *Weiherer v. Werley*, 422 Pa. 18, 221 A. 2d 133 (1966) : "As we said in Bokoch v. Noon, 420 Pa. 80, 215 A. 2d 899 (1966), and as we have often said: '. . . the findings of a chancellor have the effect of a jury verdict and, when affirmed by the court en banc, will not be reversed if there is adequate evidence to sustain them and if they are not premised on erroneous inferences and deductions or an error of law. Further, we held that, on appeal, the question is not whether the appellate court would have reached the same conclusion on the same evidence, but whether the evidence is sufficient to support the chancellor's conclusion. See Schwartz v. Urban Redev. A. of Pgh., 416 Pa. 503, 206 A. 2d 789 (1965) and cases cited therein.' "

In the instant case, after a careful review of the record, we find no indication that the facts found by the chancellor lacked sufficient evidence to sustain them, but rather, that the evidence was more than sufficient to sustain his findings. In *Thompson v. Curwensville Water Co.*, 400 Pa. 380, 383, 162 A. 2d 198 (1960), we said: " 'In Rynier Estate, 347 Pa. 471, 474,

32 A. 2d 736, Chief Justice STERN said (p. 474): "It is a general rule that 'to constitute a valid gift inter vivos two essential elements must combine: An intention to make the gift then and there, and such an actual or constructive delivery at the same time to the donee as divests the donor of all dominion over the subject, and invests the donee therewith': Reese v. Philadelphia Trust, Safe Deposit & Insurance Co., 218 Pa. 150, 156, 67 A. 124, 126; Henderson v. Hughes, 320 Pa. 124, 126, 182 A. 392, 393; Fitzpatrick v. Fitzpatrick, 346 Pa. 202, 29 A. 2d 790." See to the same effect: Chadrow, Exr. v. Kellman, 378 Pa. 237, 243, 106 A. 2d 594; Tomayko v. Carson, 368 Pa. 379, 383, 83 A. 2d 907. . . . Where, as here, the alleged gift is from father to son the action of the donor is viewed as a natural one, and less evidence is required to establish the intention: Yeager's Estate, 273 Pa. 359, 362; Kaufmann's Estate, 281 Pa. 519, 531. . . .' "

In the instant case, the chancellor correctly found an intention on the part of appellant to make the gift of $7,000; that there was an actual delivery of the money in question; and that when the house was titled in appellee's name, appellant was divested of all dominion and control over the money, thus meeting the test as set out in *Thompson* to constitute a valid inter vivos gift.

Decree affirmed, costs to be borne by appellant.