J-S06045-26                    2026 PA Super 60

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOUGLAS A. FLANDERS | : | |
| | : | |
| Appellant | : | No. 1100 WDA 2025 |

Appeal from the Judgment of Sentence Entered August 5, 2025
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s):  CP-03-CR-0000577-2023

BEFORE:   KUNSELMAN, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                    **FILED: March 27, 2026**

Appellant Douglas A. Flanders appeals from the judgment of sentence entered by the Court of Common Pleas of Armstrong County after Appellant was convicted of indecent assault and harassment.[1]  Appellant asserts that the trial court abused its discretion in denying his request for a new trial as he alleges that his right against self-incrimination was violated when the lead investigator in this case testified regarding Appellant's pre-arrest silence. After careful review, we affirm the judgment of sentence.

Appellant was charged with the aforementioned crimes in connection with allegations that he had sexually assaulted one of the students in his high school classroom where he taught math.  On February 13, 2025, Appellant proceeded to a bifurcated trial in which the jury would decide the indecent assault charge and the trial court decide the harassment charge.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. §§ 3126(a)(1), 2709(a)(1), respectively.

During trial, one of the prosecution's witnesses, Sergeant Ashley Rensel of the Manor Township Police Department, testified to her investigation into the allegations at issue. The following exchange occurred on direct examination:

[District Attorney:] So after the forensic interview [of the victim], then what did you do?

[Sergeant Rensel:] After the forensic interview, I attended a multidisciplinary interview team meeting with the district attorney, the investigating caseworker from child and youth services, as well as other team members. We discussed the case and recommended for charges to be filed.

*Following that, I did attempt to interview [Appellant]. He was unavailable.*

[Defense Counsel:] Objection, Your Honor. May we approach?

[Trial Court:] You may.

Notes of Testimony (N.T.), Trial, 2/13/25, at 47 (emphasis added).

At sidebar, defense counsel moved for a mistrial, claiming the Commonwealth had violated Appellant's right to remain silent through Sergeant Rensel's reference to Appellant's unavailability for a police interview. The prosecutor argued that Sergeant Rensel was merely explaining the timeline of her investigation. The trial court overruled the objection and asked defense counsel whether he desired a curative instruction. Defense counsel did not ask that a curative instruction be given. The trial testimony resumed without further reference to Appellant's decision to decline a police interview.

At the conclusion of the trial, the jury convicted Appellant of indecent assault and the trial court convicted Appellant of harassment. On February

14, 2025, the trial court directed the Sexual Offenders Assessment Board (SOAB) to perform an assessment to determine whether Appellant should be designated as a sexually violent predator (SVP).[2] In the same order, the trial court scheduled sentencing for April 22, 2025. Thereafter, on April 22, 2025, the trial court granted a joint request for a continuance as the trial court noted the SOAB had not yet produced its assessment report.

On August 5, 2025, the trial court held Appellant's sentencing hearing at which it imposed a term of six to twenty-four months' imprisonment. On September 3, 2025, Appellant filed this appeal.

On October 20, 2025, this Court entered a *per curiam* order directing Appellant to show cause as to why the appeal should not be quashed as premature, given there was no indication of an SVP determination on the trial court docket or in the sentencing order. We also note that the record did not contain any indication of whether an SVP assessment had been performed or whether Appellant had waived his right to a pre-sentence SVP assessment or determination.[3] ***See Commonwealth v. Schrader***, 141 A.3d 558, 561-62 (Pa.Super. 2016) (holding that "where a defendant pleads guilty and waives a pre-sentence SVP determination, the judgment of sentence is not final until that determination is rendered").

---

[2] The trial court was required to order such an assessment as Appellant had been convicted of a sexual offense specified in 42 Pa.C.S.A. § 9799.14.

[3] The certified record does not contain the sentencing hearing transcript; it appears that Appellant only requested that the trial testimony be transcribed.

On October 24, 2025, Appellant filed a response stating that the SOAB had completed its assessment and rendered a report on May 1, 2025, concluding that Appellant did not meet the criteria to be classified as an SVP. Appellant averred that, based upon this conclusion, the parties agreed that Appellant should not be classified as an SVP and that the Commonwealth would make no efforts to declare him as such.

As a preliminary matter, we must first determine whether this appeal is properly before this Court. Our courts may raise the issue of jurisdiction *sua sponte*. *See In re Am. Network Ins. Co.*, 284 A.3d 153, 158 n.6 (Pa. 2022) (*quoting McCutcheon v. Philadelphia Elec. Co.*, 567 Pa. 470, 788 A.2d 345, 349 (2002) ("[a] court's jurisdiction is a threshold issue that the court may consider of its own motion and at any time")).

We are guided by the following principles:

> In a criminal case, an appeal lies from the judgment of sentence. *Commonwealth v. Lawrence*, 99 A.3d 116, 117 n.1 (Pa. Super. 2014).
>
> Ordinarily, the "date of imposition of the sentence is the date the sentencing court pronounces the sentence." *Commonwealth v. Green*, 862 A.2d 613, 621 (Pa. Super. 2004) (*en banc*). However, this Court has explained that in cases involving sexually violent offenses, the determination of whether a defendant is an SVP under SORNA is a component of a judgment of sentence. *See Schrader*, 141 A.3d at 561-62 (recognizing that although an SVP designation is a non-punitive collateral consequence of a criminal sentence, it is a component of the judgment of sentence).
>
> Section 9799.24 (Assessments) of SORNA provides: "After conviction but **before sentencing**, a court shall order an individual convicted of a sexually violent offense to be assessed by" the SOAB. 42 Pa.C.S.A. § 9799.24(a) (emphasis added). A

- 4 -

defendant may waive his right to a presentence assessment by the SOAB. *See generally Schrader*, 141 A.3d at 561, 563 (explaining the appellant had expressly waived his right to a presentence assessment and SVP determination as part of a negotiated guilty plea)[.]

*Commonwealth v. Torres*, 327 A.3d 640, 645 (Pa.Super. 2024) (emphasis in original). Section 9799.24(e) provides that "[a]*t the hearing prior to sentencing*, the court shall determine whether the Commonwealth has proved by clear and convincing evidence that the individual is a sexually violent predator." 42 Pa.C.S.A. § 9799.24(e)(3) (emphasis added).

In this case, while the trial court ordered the SOAB to perform a pre-sentence SVP assessment, the trial court did not conduct an SVP hearing or make any determination on the record as to whether Appellant should be designated an SVP.

As noted above, this Court has held that where a defendant knowingly waives the right to a pre-sentence SVP assessment and determination, the judgment of sentence is not final until the SVP determination is rendered. *Schrader,* 141 A.3d at 561. However, since there is no indication that Appellant waived his right to a pre-sentence assessment or SVP determination, the holding in *Schrader* is not applicable to this case.

In contrast, in *Torres*, this Court addressed the finality of a judgment of sentence when the appellant had not waived his right to a pre-sentence SVP hearing and the trial court sentenced the appellant without ever having conducted an SVP hearing or having determined whether the appellant should be designated as an SVP.

This Court recognized that "[w]hile Section 9779.24 requires a trial court to order the completion of an SVP assessment, it does not require the Commonwealth to proceed with an SVP hearing." *Torres*, 327 A.3d at 646-47. Rather, this Court clarified that Section 9799.24(e)(1) provides the prosecution with discretion on whether to seek to have a defendant classified as an SVP, given that an SVP hearing "shall be scheduled upon the praecipe filed by the district attorney." 42 Pa.C.S.A. § 9799.24(e)(1). This Court has clarified that:

> an SVP hearing does not automatically occur after receipt of the SOAB report, ... but, rather, **the district attorney decides whether to pursue the SVP classification by filing, or not filing, a praecipe for an SVP hearing.** Thus, if the district attorney does not file a praecipe, then there would be no SVP determination hearing.

*Torres*, 327 A.3d at 647 (*quoting* **Commonwealth v. Baird**, 856 A.2d 114, 118 (Pa.Super. 2004)) (emphasis in original). The **Torres** Court found that the SVP component of the appellant's sentence was finalized when the prosecution provided notice that it would not pursue an SVP designation. *Torres*, 327 A.3d at 647.

Similarly, in this case, while the trial court ordered that the SOAB perform an SVP assessment on February 5, 2025 and deferred sentencing for the completion of the assessment, the district attorney did not praecipe for an SVP hearing. In reviewing Appellant's response to this Court's rule to show cause, we find that it is undisputed that (1) the SOAB completed a pre-sentence assessment on May 1, 2025 in which it concluded that Appellant did

not meet the criteria to be classified as an SVP and (2) based upon this conclusion, the Commonwealth notified the defense prior to sentencing that it would make no efforts to seek to have Appellant declared as an SVP.

As such, given Appellant did not waive his right to a pre-sentence SVP determination and it is undisputed that the prosecution chose not to pursue an SVP designation, this appeal properly lies from the entry of the judgment of sentence on August 5, 2025. We proceed to review the merits of the appeal.

Appellant asserts that the trial court abused its discretion in denying his request for a mistrial following the testimony of Sergeant Rensel which referenced the fact that Appellant was "unavailable" to speak with authorities. Relying on the Supreme Court's plurality decision in **Commonwealth v. Molina**, 628 Pa. 465, 103 A.3d 430 (2014) (OAJC), Appellant argues that this comment impermissibly referred to Appellant's pre-arrest silence and violated his right to remain silent grounded in the United States and Pennsylvania Constitutions as it allowed the jury to infer that Appellant's refusal to be available for a police interview was substantive evidence that he was attempting to evade law enforcement or conceal his guilt.

Our Supreme Court has provided that:

[w]hile we have interpreted the constitutional right against self-incrimination generally to prohibit prosecutors from referencing a defendant's silence as substantive evidence of guilt, this Court has also concluded that the right against self-incrimination is not burdened when the reference to silence is "circumspect" and does not "create an inference of an admission of guilt." [**Commonwealth v. DiNicola**, 581 Pa. 550, 563, 886 A.2d 329, 337 (2005).] As noted above, "[e]ven an explicit reference to silence is not reversible error where it occurs in a context not likely

to suggest to the jury that silence is the equivalent of a tacit admission of guilt." *See Id.* (*quoting* [*Commonwealth v. Whitney*, 550 Pa. 618, 633, 708 A.2d 471, 478 (Pa. 1998)]).

*Commonwealth v. Adams*, 628 Pa. 600, 609, 104 A.3d 511, 517 (2014) (OAJC). As such, the Supreme Court held that "a mere reference to pre-arrest silence does not constitute reversible error where the prosecution does not exploit the defendant's silence as a tacit admission of guilt." *Id.* at 602, 104 A.3d at 512-13.

In *Adams*, the investigator testified at trial that when he attempted to interview Adams about the victim's homicide, Adams responded that he had nothing to say. After defense counsel objected, neither the investigator nor the prosecutor made any further reference to Adams's pre-arrest silence. On appeal, a plurality of the Supreme Court[4] concluded that this investigator's comment regarding Adams pre-arrest silence "did not unconstitutionally burden [Adams'] right against self-incrimination, because the reference was contextual and brief and did not highlight [Adams'] silence as evidence of guilt[, but rather] was simply utilized to recount the sequence of the investigation." *Id.* at 610, 104 A.3d at 518.

Further, the *Adams* plurality distinguished the mere reference to the defendant's pre-arrest silence from the facts presented in *Molina*, which

---

[4] Of the five justices deciding *Adams*, three justices agreed that the reference to Adams's pre-arrest silence during the police investigation did not impinge on his constitutional rights. Among the three was then-Chief Justice Ronald Castille, who, in concurrence, offered his view that reference to pre-arrest silence would not violate a defendant's constitutional rights "irrespective of whether the prosecution later exploited the reference." *See Adams*, 104 A.3d at 518 (Castille, J., concurring).

included an arguably exploited reference to pre-arrest silence. In that case, the investigator had testified that Molina had initially answered a few questions but then declined to submit to a police interview. In closing arguments, the prosecutor "accentuated [the d]efendant's refusal to go to the police station" for an interview and told the jury to factor this point into their deliberations. *Molina*, 628 Pa. at 471, 104 A.3d at 433.

We find the facts of this case are more akin to those in *Adams* than *Molina*. The prosecution did not seek to elicit testimony from Sergeant Rensel about Appellant's pre-arrest silence; instead, Sergeant Rensel made an unsolicited comment that Appellant was "unavailable" when she sought to contact him for an interview. Sergeant Rensel's isolated comment was made to give context to the timeline and scope of her investigation into the allegations at issue and did not "create an inference of an admission of guilt." Further, the prosecutor did not seek to exploit Appellant's pre-arrest silence as a tacit admission of guilt as he did not reference Appellant's unavailability for a police interview or ask Sergeant Rensel any questions on this topic.

Consistent with *Adams*, we agree with the trial court's finding that Sergeant Rensel's testimony did not violate Appellant's right against self-incrimination. Accordingly, the trial court did not abuse its discretion in denying Appellant's request for a mistrial.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 03/27/2026